# EXHIBIT "A"

SERVE

E-FILED IN OFFICE - DC
CLERK OF STATE COURT
GLYNN COUNTY GEORGIA
CV20220154
6/30/2022 5:23 PM

CLERK OF STATE COURT

IN THE STATE COURT OF GLYNN COUNTY
STATE OF GEORGIA

| | |
|---|---|
| CHERYL PASCARELLI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CV20220154 |
| v. | ) CIVIL ACTION NO.: |
| | ) |
| PUBLIX SUPER MARKETS, INC., | ) **DEMAND FOR JURY TRIAL** |
| | ) |
| Defendant. | ) |

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

COMES NOW, Plaintiff CHERYL PASCARELLI, and states her Complaint for Damages against Defendant PUBLIX SUPER MARKETS, INC., as follows:

### PARTIES AND JURISDICTION

1.

Plaintiff Cheryl Pascarelli is a citizen and resident of the State of Hawaii.

2.

The incident that is the subject of this cause of action occurred at Defendant Publix Super Markets, Inc.'s Store (hereinafter "Publix") retail grocery store, 171 Village at Glynn Place, Brunswick, Glynn County, Georgia 31525, (hereinafter the "Premises").

3.

Defendant PUBLIX SUPER MARKETS, INC. (hereinafter "Publix") is a foreign profit corporation authorized to do business in the State of Georgia, with its principal office located in Lakeland, Florida, and is subject to the jurisdiction of this Court. Defendant maintains offices and transacts business in Glynn County, Georgia, the county in which this cause of action originated. Venue as to this Defendant is proper in Glynn County, Georgia, pursuant to O.C.G.A. § 14-2-510 as the tortious conduct alleged herein occurred in Glynn County, Georgia. Defendant

may be served by issuing Summons and a second original of this Complaint to its registered agent for service, Corporate Creations Network, Inc., 2985 Gordy Parkway, 1st Floor, Marietta, Cobb County, Georgia 30066.

4.

Venue in the present case is proper in Glynn County, Georgia.

## FACTUAL ALLEGATIONS

5.

Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 4 above as if they were restated verbatim.

6.

At all times material hereto, Publix owned and/or operated the Premises, and as such, possessed said property with the intent to occupy and control it and held it open to the public for business purposes.

7.

On November 27, 2021, Publix was in legal possession of the Premises.

8.

On or about November 27, 2021, Publix was operating a retail grocery store at the aforementioned location.

9.

On or about November 27, 2021, Plaintiff entered the Premises for the purpose of shopping therein.

10.

On or about November 27, 2021, upon entering the Premises for the purpose of shopping

therein, Plaintiff assumed the legal status of an invitee as the term is defined and codified under Georgia Law.

## COUNT I

### *Negligence of Defendant Publix Super Markets, Inc.*

11.

Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 10 above as if they were restated verbatim.

12.

On or about November 27, 2021, Plaintiff was an invitee at the Premises.

13.

On that same date, as Plaintiff was walking through the produce department, she slipped and fell in a puddle of liquid that appeared to be juice.

14.

As a result of the aforementioned incident, Plaintiff fell to the floor and suffered serious injuries and damages.

15.

At all times relevant hereto, Publix owned and/or operated the Premises and owed non-delegable legal duty of reasonable care to invitees to inspect and keep the premises in a safe condition and to warn Plaintiff of hidden dangers or defects that were not discoverable in the exercise of reasonable care.

16.

At all times relevant hereto, Publix, by and through its employees and/or agents, had actual and/or constructive knowledge of the wet floor.

17.

At all times relevant hereto, Plaintiff had no knowledge of the wet floor and it was not discoverable by Plaintiff in the exercise of reasonable and ordinary care.

18.

At all times relevant hereto, Plaintiff exercised reasonable care for her own safety.

19.

At all times relevant hereto, Publix breached its non-delegable duty of reasonable care in one or more of the following manners:

a) Publix failed to inspect the subject area for dangerous conditions;

b) Publix failed to warn patrons of a dangerous condition they knew or should have known existed in the subject area; and

c) Publix failed to rectify the dangerous condition in the subject area when they knew or should have known said conditions existed.

20.

As a result of the foregoing, Publix breached its legal duty to Plaintiff, in violation of O.C.G.A § 51-3-1.

21.

As a direct and proximate result of the aforesaid breaches of duty and negligence by Publix, Plaintiff fell to the floor and suffered personal injuries. Plaintiff has suffered past medical expenses in addition to future medical expenses and past, present, future physical pain and suffering.

22.

By reason of the foregoing, Plaintiff is entitled to recover compensatory damages from

Publix in an amount to be proven at trial.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays and demands as follows:

1. That Process and Summons issue, as provided by law, requiring Defendant to appear and answer Plaintiff's Complaint;

2. That service be had upon Defendant as provided by law;

3. That the Court award and enter a judgment in favor of Plaintiff and against Defendant for compensatory damages in an amount to be proven at trial;

4. That Plaintiff have a trial by a jury as to all issues; and

5. That Plaintiff have such other and further relief as the Court may deem just and proper.

This 30th Day of June, 2022.

/s/ Kendall B. Shortway
Kendall B. Shortway
Georgia Bar No. 312819
*Attorney for Plaintiff*

**MORGAN & MORGAN**
777 Gloucester St Suite 400
Brunswick, GA 31520
T: (912) 443-1000
F: (912) 443-1178
kshortway@forthepeople.com